IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUTHER C. BROUGHTON, JR.,                          Case No.
    Plaintiff,

v.

WELTMAN, WEINBERG & REIS CO., L.P.A.          **JURY TRIAL DEMANDED**
    Defendant.
_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

### I. Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. §559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II. Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1331, 1337.

3. Venue lies in this District pursuant to 28 U.S.C. §1391(d).

### III. Parties

4. Plaintiff, Luther C. Broughton, Jr., (hereafter "Plaintiff") is an individual residing at 1116 5th Street, Wimauma, FL 33598.

5. Defendant, Weltman, Weinberg & Reis Co., L.P.A. (hereafter "Weltman" or "Defendant"), is a for-profit foreign corporation, with its principal place of business located at 323 West Lakeside Ave., Suite 200, Cleveland OH 44113. The principle

purpose of Defendant is the collection of debt, using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

## Factual Allegations

1. On or about October 15, 2010, Plaintiff received a letter from Defendant indicating that they had been retained to collect an outstanding balance Plaintiff owed to Ford Motor Credit.
2. The debt Plaintiff owed to Ford Motor Credit was a deficiency claim from a truck that Plaintiff was forced to voluntarily surrender to Ford when he lost his job.
3. The vehicle was used primarily for personal and family purposes.
4. Shortly after receiving the initial communication from Defendant, Plaintiff began receiving phone calls from representatives of Defendant.
5. During the first phone call Plaintiff explained to the representative that he was unable to pay for the truck because he had recently lost the job that he had for the past 12 years.
6. Plaintiff also told the representative that he had shared parental custody of four children and he was having a tough time supporting them without a job.
7. Plaintiff further explained that the only way he had been able to get by up to that point was with the help of some family members.
8. The representative then demanded that he ask one of his family members pay them the money Plaintiff owed for the repossession.
9. Plaintiff told the representative that his family was not that well off and that they were already giving him all the help they could afford.

10. The representative then told Plaintiff that they would collect the money one way or another and that if he did not voluntarily pay the debt then they would put a lien on his home and garnish his wages when he got a job.

11. Defendant called Plaintiff numerous times between September and November of 2010.

12. During another phone call Plaintiff told the representative of Defendant that he was going to have to consult with a bankruptcy attorney because he did not have the ability to pay Defendant the money they were demanding.

13. The representative responded by telling Plaintiff that they would file papers with the Court and place a lien on his home before he could file bankruptcy and that if they did that before he filed there would be no way for the bankruptcy lawyer to help him.

14. The representative then told Plaintiff that they would also watch for him to become employed and then they would garnish his wages.

15. The numerous and frequent calls and false threats to garnish Plaintiff's wages, put a lien on his home and the suggestion that a bankruptcy lawyer could not help him were harassing and caused Plaintiff a great deal of frustration, anxiety and stress.

**First Claim for Relief**
**FDCPA Violation**
**Luther C. Broughton, Jr. v. Weltman, Weinberg & Reis**

16. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 15.

17. The foregoing acts and omissions of Weltman and its agents constitute numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. §§1692d, 1692d(5), 1692e, 1692e(5) and 1692f.

18. As a result if the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, costs and attorney's fees.

### Second Claim for Relief
### FCCPA Violation
### Luther C. Broughton, Jr. v. Weltman, Weinberg & Reis

19. Plaintiff repeats, realleges, and incorporates by reference paragraphs 1 through 15.

20. The foregoing acts and omissions of Weltman and its agents constitute numerous and several violations of the FCCPA, including, but not limited to F.S.A. §§559.72(7), and 559.72(9).

21. The actions of Defendant were done with the intent to coerce Plaintiff into paying a consumer debt.

22. As a result of the above violations of the FCCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages, attorney's fees and costs.

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

a. Actual damages pursuant to 15 U.S.C. §1692k and F.S.A §559.77(2);

b. Statutory damages pursuant to 15 U.S.C. §1692k and F.S.A. §559.77(2);

c. Punitive damages pursuant to F.S.A. §559.77(2);

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and §559.77(2); and

e. For such other and further relief as may be just and proper.

Dated: December 22, 2010    Respectfully submitted,

/s/G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
E-Mail: don@brandonlawyer.com
JOSEPH B. BATTAGLIA, ESQUIRE
Florida Bar No. 0058199
E-Mail: joe@brandonlawyer.com
DAVID S. BROMLEY, ESQUIRE
Florida Bar No. 0155349
E-Mail: dave@brandonlawyer.com
THE GOLDEN LAW GROUP
808-A Oakfield Drive
Brandon, Florida   33511
Telephone:  (813) 413-8700
Facsimile:    (813) 413-8701
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff demands trial by jury in this action.

  s/G. Donald Golden
G. DONALD GOLDEN, ESQUIRE
JOSEPH B. BATTAGLIA, ESQUIRE
DAVID S. BROMLEY, ESQUIRE