UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LUTHER C. BROUGHTON, JR.,

    Plaintiff,

v.                                              CASE NO: 8:10-cv-2879-T-23EAJ

WELTMAN, WEINBERG AND REIS
CO., L.P.A.,

    Defendant.
_____/

**ORDER**

The plaintiff sues (Doc. 1) for a violation of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692-1692p, and a violation of the Florida Consumer Collection Practices Act (the "FCCPA"), Sections 559.55-.785, Florida Statutes. The defendant moves (Doc. 8) to dismiss, and the plaintiff responds (Doc. 9) in opposition.

Allegations of the Complaint

The plaintiff, who resides in Wimauma, Florida, became unemployed and unable to afford a truck purchased from Ford. After the plaintiff voluntarily surrendered the vehicle, Ford Motor Credit asserted a deficiency claim. On October 15, 2010, the plaintiff received from the defendant a letter informing the plaintiff that Ford Motor Credit retained the defendant to collect the debt. After receiving the letter, the plaintiff received several telephone calls. During the first call, the plaintiff explained that he lacks the means to pay the debt and that he subsists on financial help from family members. The defendant allegedly (1) "demanded" that the plaintiff ask his family members to pay the debt; (2) told the plaintiff that, if he failed to pay the debt, the defendant would procure a lien on the plaintiff's home and garnish the plaintiff's wages; (3) asserted that a lien on

the plaintiff's home would prevent a bankruptcy lawyer from helping the plaintiff avoid the debt; and (4) warned that the defendant would monitor the plaintiff's employment status and immediately garnish any wages that the plaintiff earned.  The plaintiff sues (Doc. 1) and alleges that the defendant's statements (1) "were harassing and caused [the] [p]laintiff a great deal of frustration, anxiety[,] and stress" and (2) violated both the FDCPA and the FCCPA.

## Discussion

Both the FDCPA and the FCCPA prohibit a person from threatening in the collection of a debt to engage in some action "that cannot legally be taken" or to assert a legal right "when such person knows that the right does not exist."  15 U.S.C. § 1692e(5); Fla. Stat. § 559.72(9).  The defendant argues that the defendant's statements "did not constitute threats to take action that could not legally be taken or that was not intended to be taken, but rather served to put [the] [p]laintiff on notice of the options legally available to [the defendant]."  In support of dismissal, the defendant cites both Jelencovich v. Dodge Enter., Inc., 2009 WL 4899405 (S.D. Fla. 2009) (Marra, J.), and Wise v. Cach, LLC, 2010 WL 1257665 (S.D. Fla. 2010) (Marra, J.).  In response, the plaintiff asserts that "[i]n Florida, a debt collector may not place a lien on a Florida resident's homestead, and thus, [the] [d]efendant's threats to do so were false, deceptive, and misleading" and that certain distinctions render both Jelecovich and Wise inapplicable.

In Jelencovich, a judgment creditor demanded payment and asserted that a judgment provides "certain legal remedies against [the debtor's] property, including garnishment of [the debtor's] wages or bank account."  The judgment debtor sued and

- 2 -

alleged that the statement violated both the FDCPA and the FCCPA because the statement failed to inform the debtor of the right "to claim certain legal exemptions provided by Florida law." <u>Jelencovich</u> finds that "[a] judgment creditor properly asserting its rights to garnishment cannot know whether any exemption applies to the particular judgment debtor unless and until such exemptions are raised defensively by the judgment debtor." Therefore, Florida law provides a means—a notice attached to the writ of garnishment—that informs the debtor of the potential exemptions and the method of claiming an exemption. 2009 WL 4899405 at *4.

In <u>Wise</u>, a judgment creditor sent to the judgment debtor correspondence that stated:

> You are now a judgment debtor. As such, you may have problems buying and selling a home. Under Florida law, our client can execute upon a judgment as follows:
> . . .
>
> B. Foreclose your real estate—which means having the sheriff sell your property in order to pay off the judgment (unless said property is homestead or tenancy by the entireties).

2010 WL 1257665 at *3. The debtor argued that the statement was false, because the creditor neither certified nor recorded the judgment. <u>Wise</u> finds (1) that the letter contains no threat to foreclose on the debtor's homestead, (2) that the letter contains no threat to foreclose without recording the judgment, (3) that recording is not a "legal impossibility," and (4) that the "least sophisticated debtor" would interpret the statement as a "reality[-]based reminder" and not as a threat "to take action that cannot legally be taken".

In this instance, the defendant (unlike the judgment creditor in <u>Wise</u>) allegedly threatened to procure a lien on the plaintiff's home.  Section 4, Article X of the Florida Constitution provides (in relevant part) that:

> (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family . . . .

In this instance, the defendant's allegedly threatening to procure a lien on the plaintiff's home states a legal impossibility to the extent that the plaintiff's "home" qualifies as a "homestead" and to that extent presents no option legally available to the defendant. Thus, the plaintiff sufficiently alleges a claim for a violation of both the FDCPA and the FCCPA.

Conclusion

Accordingly, the defendant's motion (Doc. 8) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on March 31, 2011.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE